### GROSS v. BOCK.

*(Supreme Court, General Term, First Department.*  May 18, 1888.)

DISCOVERY—WHEN GRANTED—NOTICE TO PRODUCE BOOKS AND PAPERS.

A party is not entitled to an order for discovery of books and papers, in the absence of a demand and refusal of such discovery; and when the adverse party signifies his willingness to permit free access to books sought, for the purpose of examination and taking copies, it is error to order him to allow inspection, and furnish sworn copies.

Appeal from special term, New York county; PATTERSON, Justice.

Action by Silvain S. Gross against Adolph Bock upon an account stated between themselves and Leopold Gross, on which occasion defendant made and delivered to plaintiff a certificate showing his indebtedness to the latter.  The answer avers that this account was so stated and the certificate given because of the fraudulent representations made by plaintiff, and that thereafter plaintiff's representative took with him, and the plaintiff has now in his possession, at Antwerp, Belgium, all the books relating to the matter.  The defendant having moved for a discovery of those books, the court directed an inspection, and that plaintiff furnish defendant with sworn copies, from which order plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*T. Henry Dewey,* for appellant.  *S. C. Baldwin,* for respondent.

VAN BRUNT, P. J.  Upon an examination of the papers presented in this case there does not seem to have been any reason for the making of the application.  There had been no demand and refusal to give the defendant that which he sought to obtain by this motion, and the court should not be called upon to entertain applications of this description until the necessity for the exercise of its power has occurred; and the more especially so when, as in the case at bar, the plaintiff has signified his willingness that the party seeking the inspection may have free access to the books sought to be examined, for the purpose of making such examination and taking such copies of the books as he may choose.  We think that the learned judge at special term upon this ground should have denied the motion, and, had it not been for the concession made by the appellant's counsel upon the argument, we should have been inclined to reverse the order and deny the motion, with leave to renew the same in case the plaintiff refused to allow the examination and the taking of the copies offered, in his affidavit used to oppose the motion.  The order proposed by the appellant seems to give to the defendant all the rights to which he under any circumstances would be entitled.  The order appealed from is therefore reversed, and the order suggested by the appellant's counsel is directed to be entered instead thereof, without costs of this appeal to either party.

BARTLETT and DANIELS, JJ., concur.